**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Andrei Armas, Esq. (SBN: 299703)
andrei@kazlg.com
245 Fisher Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[Additional Attorneys on Signature Page]

*Attorneys for Plaintiff,*
Saeed Tehrani

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAEED TEHRANI,<br><br>Plaintiff,<br><br>v.<br><br>SACOR FINANCIAL, INC.,<br><br>Defendant. | Case No.: 4:16-cv-4115<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF:**<br><br>**(1) THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, ET SEQ.; AND,**<br><br>**(2) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

//
//
//

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Similarly, the California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. Plaintiff Saeed Tehrani ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of SACOR Financial, Inc. (hereinafter "SACOR") ("Defendant" and/or "SACOR") with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which

---
[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendant's name(s) in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant(s) named.

9. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to revers or modify any judgment or any state court.

### JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k). In addition, pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

11. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

12. Because Defendant conducts business within the State of California, personal jurisdiction is established.

13. Venue is proper in the United States District Court, Northern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Contra Costa, State of California which is within this

judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in the City of San Ramon, County of Contra Costa, in the State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).  In addition, Plaintiff is a natural person allegedly obligated to pay a debt, and is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendant SACOR is a corporation incorporated in the State of California with a principle place of business in Roseville, California. Defendant SACOR in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. 1692a(6).

16. Additionally, Defendant SACOR is a "person" who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore are "debt collector(s)" as that phrase is defined by 15 U.S.C. § 1692a(6).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## GENERAL FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within City San Ramon, County of Contra Costa, in the State of California.

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

20. Plaintiff is informed and believes, and thereon alleges that sometime on or before January 2006, Plaintiff allegedly incurred financial obligations to an original creditor, Circuit City, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f) and 15 U.S.C. § 1692a(5).

21. Sometime thereafter, Plaintiff allegedly fell behind on the payments allegedly owed on the alleged debt.

22. Plaintiff is informed and believes, and thereon alleges that following Plaintiff's alleged delinquency, the original creditor allegedly transferred, placed or assigned Plaintiff's alleged debt to National Credit Acceptance, Inc. (hereinafter "NCA") for collection.

23. On or around January 12, 2006, the California Superior Court entered Judgment against Plaintiff and in favor of NCA for a total of $8,756.76 ("2006 Judgment").

### *DEFENDANT SACOR'S RIGHT TO COLLECT*

24. Subsequently, Plaintiff is informed and believes, and thereon alleges that, on or around January 21, 2016, NCA sold, transferred, placed or assigned its interest in the 2006 Judgment to Defendant SACOR via a sworn affidavit of Assignment of Judgment.

25. However, despite Defendant SACOR obtaining a legal right to initiate debt collection efforts on or around January 21, 2016, Defendant SACOR actually

began their collection efforts sometime on or around December 2010 when it represented to Plaintiff that it will be collecting on the 2006 Judgment and entered into a repayment agreement with Plaintiff.

26. Specifically, Plaintiff entered into an agreement with Defendant SACOR whereby Plaintiff would pay $100 monthly installments until the 2006 Judgment was satisfied. Notably, this agreement did not include any provisions for a service fee or any other fee. The agreement only required Plaintiff to make a flat $100 monthly payment.

27. Despite the agreement, Defendant SACOR not only deducted the agreed upon $100 from Plaintiff's prepaid debit account, but also deducted additional unauthorized fees ranging from $5 to $8.

28. Through this conduct, Defendant violated 15 U.S.C §1692(e) and 15 U.S.C §1692(e)(10) by using false, deceptive, or misleading representations or means in connection with the collection of the alleged debt, and by using false representations or deceptive means to collect or attempt to collect the alleged debt allegedly owed by Plaintiff. Specifically, Defendant violated these sections by misrepresenting to Plaintiff on or around 2010 that it had a right to collet the alleged debt, despite the fact that Defendant SACOR only had a legal right to collect the alleged debt on or around January 21, 2016 when NCA sold, transferred, placed or assigned its interest in the 2006 Judgment to Defendant SACOR via a sworn affidavit of Assignment of Judgment. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

29. Through this conduct, Defendant violated 15 U.S.C. § 1692(f) by engaging in unfair or unconscionable means to collect or attempt to collect the alleged debt. Specifically, Defendant violated this section by misrepresenting to Plaintiff on or around 2010 that it had a right to collet the alleged debt, despite the fact that Defendant SACOR only had a legal right to collect the alleged

debt on or around January 21, 2016 when NCA sold, transferred, placed or assigned its interest in the 2006 Judgment to Defendant SACOR via a sworn affidavit of Assignment of Judgment. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

30. Through this conduct, Defendant violated 15 U.S.C §1692(d), which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17, by engaging in conduct, the natural consequence of which was to harass, oppress or abuse Plaintiff. Thus, Defendant also violated Cal. Civ. Code § 1788.17.

### *MISREPRESENTATION REGARDING AMOUNT OWED*

31. On or around August 20, 2015, Defendant SACOR represented to Plaintiff, via a dunning letter, that the remaining balance on the alleged debt was $19,180.82. This dunning letter is a "communication" as 15 U.S.C. § 1692a(2) defines that term, and "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

32. The $19,180.82 alleged balance was confirmed to Plaintiff via subsequent telephone calls. These telephone calls are "communication(s)" as 15 U.S.C. § 1692a(2) defines that term, and "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

33. On or around February 11, 2016, Defendant SACOR represented to Plaintiff, via a recorded call, that Defendant SACOR last audited Plaintiff's alleged account on November 2015 and that the balance at that time was actually $9,885.00, not $19,180.82 as represented in the August 20, 2015 dunning letter and subsequent telephone calls. This recorded telephone call is a "communication" as 15 U.S.C. § 1692a(2) defines that term, and "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

34. The fact that Plaintiff did not actually owe a balance of $19,180.82, as represented in the August 20, 2015 dunning letter and subsequent telephone

34. (cont.) calls, was confirmed on or around December 2015 when NCA, prior to assigning its interest in the 2006 Judgment to Defendant SACOR via a sworn affidavit of Assignment of Judgment, sought to renew the 2006 Judgment in the amount of $8,932.62, as calculated on October 30, 2015.[2]

35. Through this conduct, Defendant violated 15 U.S.C §1692(e) and 15 U.S.C §1692(e)(10) by using false, deceptive, or misleading representations or means in connection with the collection of the alleged debt, and by using false representations or deceptive means to collect or attempt to collect the alleged debt allegedly owed by Plaintiff. Specifically, Defendant violated these sections by misrepresenting the amount allegedly owed by Plaintiff. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

36. Through this conduct, Defendant violated 15 U.S.C. § 1692(f) by engaging in unfair or unconscionable means to collect or attempt to collect the alleged debt. Specifically, Defendant violated this section of the FDCPA by misrepresenting the amount allegedly owed by Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

37. Through this conduct, Defendant violated 15 U.S.C §1692(d), which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17, by engaging in conduct, the natural consequence of which was to harass, oppress or abuse Plaintiff. Thus, Defendant also violated Cal. Civ. Code § 1788.17.

### *GENERAL FACTUAL ALLEGATIONS CONTINUED*

38. As a result of Defendant's deceptive and abusive debt collection practices, as described above, Plaintiff suffered an invasion of a legally protected interest under the FDCPA and the RFDCPA by being deceived about the actual

---

[2] Ultimately, the California State Court found that NCA requested excessive interest regarding the Judgment Renewal request, which resulted in a judgment being entered at the reduced amount of $2,900.09.

**COMPLAINT**  PAGE 8 OF 12

amount allegedly owed and by having to pay Defendant SACOR, despite the fact that Defendant SACOR only had a legal right to collect the alleged debt on or around January 21, 2016 when NCA sold, transferred, placed or assigned its interest in the 2006 Judgment to Defendant SACOR via a sworn affidavit of Assignment of Judgment. The FDCPA and the RFDCPA protect consumers from this precise behavior.

39. Plaintiff was affected personally because he believed Defendant's misrepresentations (i.e., that he actually owed $19.180.82 and that Defendant had a right to collected the alleged debt), which caused Plaintiff anxiety and emotional distress, which in turn affected his personal life and his wellbeing.

40. Plaintiff's injury is concrete as Defendant's misrepresentations are analogues to common law misrepresentation. Furthermore, as stated in this Complaint's introduction, Congress and the California legislature recognized the aggressive, deceptive and abusive methods of debt collection by certain collection companies; and, in order to create a fair playing field and not give the abusive debt collectors a competitive advantage, Congress and the California legislature created laws such as the FDCPA and RFDCPA. Should the Defendant be allowed to harass, humiliate, abuse and deceive Plaintiff in the manner described above, collectors that try to collect in a civilized manner will be put at a competitive disadvantage, which is a risk brought about by such violations. Lastly, such transgressions by Defendant would progress to worse behavior if Congress and the California legislature had not created laws to give vulnerable consumers a voice through the statute alleged.

41. As a result of Defendants' unfair, oppressive, and abusive conduct in connection with their debt collection activity, Plaintiff has suffered emotional distress by way of stress, frustration, anxiety, humiliation, embarrassment, anger, annoyance, lost time due to the fact that Defendants have continued their collection efforts despite receiving multiple communications indicating

the debt is paid and does not belong to Plaintiff.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

### [AS TO ALL DEFENDANTS]

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

44. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

### [AS TO ALL DEFENDANTS]

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

47. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for Plaintiff;
- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), for Plaintiff;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for Plaintiff;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for Plaintiff;
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against all Defendants;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against all Defendants; and,
- any and all other relief that this Court deems just and proper.

//
//
//
//
//
//
//
//
//
//
//
//
//

**COMPLAINT**  PAGE 11 OF 12

# TRIAL BY JURY

48. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 21, 2016             **KAZEROUNI LAW GROUP, APC**

BY:   /s/ ANDREI ARMAS
           ABBAS KAZEROUNIAN, ESQ.
           ANDREI ARMAS, ESQ.
           ATTORNEYS FOR PLAINTIFF

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022


**THE CARDOZA LAW CORPORATION**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone: (415) 488-8041
Facsimile: (415) 651-9700